**In the Matter of the WELFARE OF J.K.B., Juvenile.**

No. C3–95–2653.

Court of Appeals of Minnesota.

July 30, 1996.

John M. Stuart, Minnesota Public Defender, Dwayne Bryan, Minneapolis, for Appellant.

Hubert H. Humphrey, III, State Attorney General, St. Paul.

Ross Arneson, Blue Earth County Attorney, Mark Lindahl, Assistant County Attorney, Mankato.

Considered and decided by CRIPPEN, P.J., TOUSSAINT, C.J., and HUSPENI, J.

## OPINION

CRIPPEN, Judge.

Appellant contests the constitutionality of his conviction on the ground that he was not tried by a jury of his peers.

## FACTS

Appellant was charged with terroristic threats, second degree assault, unlawful possession of a handgun, and possession of stolen property after an encounter that began with appellant and a friend initiating a verbal exchange with the victim and culminated in appellant showing the victim a handgun, or holding a gun in the victim's view, and allegedly stating, "Do you want to get shot in the head?" Because appellant was 16 and faced felony charges involving a firearm, the prosecutor designated the case against appellant as an extended jurisdiction juvenile prosecution pursuant to Minn.Stat. § 260.126, subd. 1(2) (1995). After a jury trial, appellant was convicted of all counts.

## ISSUE

Is there a constitutional requirement that, to be impartial, a jury pool must include

persons of the same or like age as the defendant?

## ANALYSIS

 The constitutionality of appellant's conviction is a determination of law that we may review de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). Minnesota statutes are presumed constitutional, and our power to declare a statute unconstitutional must be exercised with extreme caution and only when absolutely necessary. *In re Haggerty,* 448 N.W.2d 363, 364 (Minn.1989).

Under Minn.Stat. § 260.126, if a juvenile proceeding is designated an extended jurisdiction juvenile (EJJ) prosecution, the child receives both a juvenile disposition and an adult sentence, but the adult sentence is stayed on the condition that the juvenile comply with terms of the juvenile disposition. Minn.Stat. § 260.126, subds. 4, 5 (1995). Appellant's prosecution was designated EJJ under subdivision 1(2) of the statute, which provides that a prosecutor may make that designation in the event a juvenile who is 16 or 17 at the time of the alleged offense is charged with committing a felony involving a firearm.

Subdivision 3 of Minn.Stat. § 260.126 provides that a juvenile in an EJJ case "has the right to a trial by jury." Appellant argues that because he is 16 and because children ages 16 and 17 are not eligible to be jurors, he was not tried by a jury of his peers as required by the Sixth Amendment to the United States Constitution. *See also* Minn. Const. Art. I, § 6. Minnesota uses the voter registration list to create jury pools, so all potential jurors are at least 18 years old. Appellant acknowledges that juveniles do not enjoy a constitutional right to a jury trial, but argues that if the state chooses to extend that right to juveniles, it must include the right to select a jury from a pool that includes the juvenile's peers.

 The Sixth Amendment does not require any certain composition within an individual jury, it merely requires that each jury be selected from a jury pool representing a fair cross-section of the community. *Duren*

*v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979). The Supreme Court has created a three-prong test for identifying violations of this fair cross-section right. A criminal defendant contesting the construction of a jury pool must show the exclusion of a "distinctive group" within the community. *Id.*

The Fifth Circuit Court of Appeals has declared that age limits on jurors represent an acceptable imposition of basic qualifications for service and do not offend the fair cross-section requirement:

> The thrust of [the defendant's] argument seems to be that accused persons [between ages 18 and 21] are deprived of the constitutional right of adults to a jury of their peers without being given the compensating special protections afforded juveniles. * * * But it has never been thought that federal juries must be drawn from a cross-section of the total population without the imposition of any qualifications.

*United States v. McVean,* 436 F.2d 1120, 1122 (5th Cir.1971). *See also Carter v. Jury Comm'n of Greene County,* 396 U.S. 320, 332, 90 S.Ct. 518, 525, 24 L.Ed.2d 549 (1970) ("It has long been accepted that the Constitution does not forbid the States to prescribe relevant qualifications for their jurors. The States remain free to confine the selection to citizens, to persons meeting specified qualifications of age * * *."); *United States v. Guzman,* 337 F.Supp. 140, 144 (S.D.N.Y. 1972) ("The right to vote and the right to sit in judgment of others have certain fundamental differences which cannot be overlooked. * * * [A juror] must have the maturity and understanding to do what may often be an unpleasant task."), *aff'd* 468 F.2d 1245 (2d Cir.1972); *Hopkins v. State,* 19 Md.App. 414, 311 A.2d 483, 487 (1973) ("The evidence * * * fails to establish that the attitudes, experiences, views and objectives of persons in the eighteen to twenty-one years of age group differ to any material extent or degree from those twenty-one years of age or a few years older.").

The Pennsylvania Supreme Court, addressing nearly the same issue raised in this case, found no constitutional violation. *Commonwealth v. Fisher,* 447 Pa. 405, 290 A.2d

262, 266 (1972). In *Fisher*, the court held that Pennsylvania could use its voter registration list to create a jury pool even though only adults 21 or older were then eligible to vote and criminal defendants under 21 never had 18–, 19– or 20–year–olds on their juries. The court stated:

> Appellant concedes, as he must, that the Legislature has the power to set some minimum age requirement for jury service. We cannot conclude that the Legislature was acting without a rational basis in determining that the minimum age for voting was an appropriate minimum age for jury service.

*Id.*

■ We find no authorities recognizing that it is improper to distinguish among potential jurors on the basis of a minimum age, and we are persuaded by the consistent body of developing law permitting these age restrictions. Appellant's Sixth Amendment rights were not impaired by the use of a jury pool not including 16– and 17–year–olds.

■ Appellant also contends that the trial court abused its discretion by refusing to make various requested jury instructions. A trial court has broad discretion in determining jury instructions and will not be reversed absent an abuse of that broad discretion. *State Farm Fire & Casualty Co. v. Short*, 459 N.W.2d 111, 113 (Minn.1990). Upon examination of the record, we find support for the trial court's decision not to instruct the jury on the doctrines of self defense, defense of others, and transitory anger. Even viewed in appellant's favor, the record does not contain evidence to support these defenses. To the extent that appellant demonstrated duress associated with his display of the gun to the victim, his defense was adequately reflected by the trial court's necessity instruction.

### DECISION

Appellant's constitutional right to be tried by a jury representing a fair cross-section of the community was not violated because children ages 16 and 17 were not eligible to be included in the jury pool. The trial court did not improperly refuse various jury instructions.

**Affirmed.**